UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-98-RLV
(5:13-cr-68-RLV-DSC-1)

| | | |
|---|---|---|
| O.C. BILLINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Response in Support, (Doc. No. 7), and on the Government's Motion for Extension of Time to File Response/Reply, (Doc. No. 8). Petitioner is represented by Joshua Carpenter and Rahwa Gebre-Egziabher of the Federal Defenders of Western North Carolina. For the reasons that follow, the motion to vacate will be granted.

**I. BACKGROUND**

Petitioner O.C. Billings was charged by Bill of Information on September 9, 2013, with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Crim. Case No. 5:13cr68-RLV, Doc. No. 5: Bill of Information). The same day he was charged, Petitioner entered into a plea agreement with the Government in accordance with Federal Rule of Criminal Procedure 11(c)(1)(C) and pleaded guilty to the § 922(g) offense. (Id., Doc. No. 6: Plea Agreement; Doc. No. 9: Acceptance and Entry of Guilty Plea). In the parties' plea agreement,

1

Petitioner stipulated that he was an armed career criminal and agreed to a sentence of 240 months in prison. (Id., Doc. No. 6 at ¶ 5).

In preparation for Petitioner's sentencing hearing, the Probation Office prepared a Presentence Report ("PSR"). (Id., Doc. No. 12: PSR). Because Petitioner's offense involved the use of a firearm in connection with a kidnaping that also included the use of a dangerous weapon and the sexual exploitation of the victim, the probation officer applied the cross-reference to the kidnaping guideline and calculated an adjusted offense level of 40. (Id. at ¶ 21). The probation officer also noted that Petitioner had at least three prior convictions for violent felonies or serious drug offenses and that he qualified as an armed career criminal under 18 U.S.C. § 924(e). (Id. at ¶ 26). Among the prior convictions reported by the probation officer were two convictions for attempted first-degree burglary, in violation of North Carolina General Statutes § 14-51; one conviction for attempted second-degree burglary, also in violation of § 14-51; one conviction for assault on a law enforcement officer; and one conviction for assault with a deadly weapon inflicting serious injury. (Id. at ¶¶ 35; 36; 38; 39; 41). Based on a total offense level of 37 and a criminal history category of VI, the probation officer determined that the applicable Guidelines range of imprisonment was between 360 months and life in prison. (Id. at ¶ 68). On July 9, 2014, the Court conducted Petitioner's sentencing hearing, sentencing him to 240 months in prison consistent with the parties' Rule 11(c)(1)(C) plea agreement. (Id., Doc. No. 16: Judgment). Petitioner did not appeal. On December 11, 2014, the Court entered an amended judgment to correct a clerical error in the original judgment. (Id., Doc. No. 21: Amended Judgment).

On August 3, 2015, Petitioner filed the instant motion to vacate his sentence, arguing that he was sentenced as an armed career criminal in violation of the Supreme Court's decision in

2

Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, Petitioner contends that he was improperly sentenced as an armed career criminal because the residual clause of the career-offender guideline is unconstitutionally vague and his prior convictions for attempted burglary and assault on a law-enforcement officer only qualified as predicate convictions under the ACCA based on the now-invalid residual clause. Petitioner contends that, in light of Johnson, he no longer has three predicate convictions supporting his classification as an armed career criminal. In its response, the Government agrees that Petitioner's attempted burglary convictions qualified as predicate convictions only under the residual clause and that, without these convictions, Petitioner lacks the three predicate convictions required to support his ACCA-enhanced sentence of 240 months in prison.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The ACCA provides for a mandatory-minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of

another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). In assessing whether a prior conviction qualifies as a violent felony for purposes of the ACCA, a sentencing court employs the categorical approach, comparing the elements of the statute forming the basis of the defendant's conviction with ACCA's definition of "violent felony." See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

In 2015, the Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the Supreme Court held in Welch v. United States, No. 15-6418, 2016 WL 1551144, at *11 (S. Ct. Apr. 18, 2016), that Johnson is retroactively applicable on

4

collateral review to claims that the defendant was improperly sentenced as an armed career criminal.

Here, Petitioner argues that his prior convictions for (1) attempted first- and second-degree burglary, in violation of North Carolina General Statutes § 14-51 and (2) assault on a law-enforcement officer qualified as "violent felonies" under the ACCA only under the residual clause and that he is entitled to sentencing relief under Johnson. In its response, the Government states that it agrees that Petitioner's attempted-robbery convictions qualified as ACCA predicates only under the residual clause and that Petitioner's sentence should be vacated. For the following reasons, the Court agrees with the parties that Petitioner is entitled to sentencing relief in light of Johnson.

In James v. United States, 550 U.S. 192 (2007), the Supreme Court held that Florida's offense of attempted burglary constituted a "violent felony" for purposes of the ACCA because it was an offense that, by its nature, presents a serious potential risk of injury to another, satisfying the residual clause of the "violent felony" definition. Id. at 209. The Court noted that both parties in that litigation, including the government, conceded that the attempted-burglary offense does not qualify as a violent felony under the "force clause" of the definition, because it does not have, as an element, the use, attempted use, or threatened use of physical force against the person of another. Id. at 197; see also 18 U.S.C. § 924(e)(2)(B)(i). The Court also noted that attempted burglary under Florida law requires "an 'overt act directed toward entering or remaining in a structure or conveyance,'" not merely preparation to commit a burglary. Id. at 202.

Consistent with Florida, North Carolina defines an attempt as "'an act done with intent to commit [a particular] crime, carried beyond mere preparation to commit it, but falling short of its actual commission.'" State v. Martin, 191 N.C. App. 462, 472 (2008) (quoting State v.

5

Goodman, 71 N.C. App. 343, 345 (1984)). Under James, then, an attempted-burglary conviction under North Carolina law only qualifies as a violent felony for purposes of the ACCA under the residual clause of the "violent felony" definition. Under Johnson, the residual clause is invalidated and can no longer support a defendant's status as an armed career criminal. Because three of Petitioner's five predicate felonies were attempted-burglary convictions, he lacks three qualifying convictions.[1] The Court finds that Petitioner's motion to vacate will be granted and Petitioner is, therefore, entitled to be resentenced.

IV. **CONCLUSION**

For the reasons stated herein, the Court grants Petitioner's motion to vacate, and Petitioner is entitled to be resentenced.

**IT IS, HEREBY, ORDERED that**:

(1) Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED**, and Petitioner shall be resentenced in accordance with this order.

(2) The Government's Motion for Extension of Time to File Response/Reply, (Doc. No. 8), is **GRANTED** nunc pro tunc.

---

[1] Petitioner also argues that his conviction for assault on a law enforcement officer no longer qualifies as a "violent felony" for purposes of the ACCA under Johnson. The Government stated in its response that Petitioner is entitled to sentencing relief regardless of whether his assault conviction satisfies the "force clause" of the "violent felony" definition. The Government noted that a decision resolving this argument was pending in the Fourth Circuit, see United States v. Vinson, Fourth Circuit Case No. 14-4078. On November 3, 2015, after the Government filed its response, the Fourth Circuit held in Vinson that the defendant's prior North Carolina misdemeanor assault conviction did not categorically qualify as a conviction for misdemeanor crime of domestic violence under 18 U.S.C. § 921(a)(33)(A). United States v. Vinson, 805 F.3d 120 (4th Cir. 2015). The Court finds that, regardless of whether Petitioner's assault conviction satisfies the "force clause" of the "violent felony" definition under the ACCA, he is entitled to sentencing relief because he no longer has three predicate convictions under the ACCA.

6

Signed: May 9, 2016

Richard L. Voorhees
United States District Judge